UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JAMES CUTRER**                                                      **CIVIL ACTION**

**VERSUS**                                                                    **NO. 18-807-JWD-RLB**

**TWT TRANSPORT, L.L.C., ET AL.**

## ORDER

Before the Court is the TWT Defendants' Motion to Compel Discovery Responses from Plaintiff (R. Doc. 77) filed on July 10, 2020. The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

TWT Transport, LLC ("TWT Transport"), Terry Reed ("Reed"), and Rodney Dillion ("Dillion") (collectively, the "TWT Defendants") move for an order compelling James Cutrer ("Plaintiff") to respond to their *Second Set of Interrogatories and Requests for Production of Documents* served on March 9, 2020. (R. Doc. 77-3). The TWT Defendants represent that this second set of written discovery requests primarily reurge earlier discovery requests and seek "complete, supplemental and/or updated information and documents related to Plaintiff Cutrer's claims for lost wages, loss of earning capacity, and disability." (R. Doc. 77 at 2).

Plaintiff had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). The record indicates that on April 23, 2020, counsel for the parties held a discovery conference and defense counsel extended the deadline to provide responses to May 4, 2020. (R. Doc. 77-6). Defense counsel requested the outstanding discovery responses on May 11, 2020 and June 25, 2020. (R. Docs. 77-8, 77-9). The TWT Defendants now seek the production of written discovery responses, including fully

executed versions of any sought authorizations.  Plaintiff failed to file any opposition to the instant motion.

As Plaintiff did not make any timely objections to the TWA Defendants' discovery requests, the Court finds that Plaintiff has waived his objections to the discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege."). Accordingly, the Court will require Plaintiff to provide responses to the TWT Defendants' *Second Set of Interrogatories and Requests for Production of Documents* (R. Doc. 77-3) without any objections other than those pertaining to any applicable privileges or immunities.

Given the record, including Plaintiff's failure to file any opposition, the Court will also award the TWT Defendants the recovery of reasonable expenses incurred in making the instant motion, including attorney's fees, pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

For the foregoing reasons,

**IT IS ORDERED** that TWT Defendants' Motion to Compel Discovery Responses from Plaintiff (R. Doc. 77) is **GRANTED**.  Plaintiff must provide responses to the TWT Defendants' *Second Set of Interrogatories and Requests for Production of Documents* (R. Doc. 77-3), without

objections, no more than **7 days** from the docketing of this Order, or as otherwise agreed upon by the parties.

    **IT IS FURTHER ORDERED** that the TWT Defendants are entitled to an award of the reasonable attorney's fees and costs that it incurred in bringing this Motion to Compel, and that Plaintiff shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, the TWT Defendants may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of the TWT Defendants' Motion, file any opposition pertaining to the imposition of the amounts requested by the TWT Defendants.

Signed in Baton Rouge, Louisiana, on August 14, 2020.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances. *See Talley v. State Farm Mutual Automobile Ins. Co.*, No. 16-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.